# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   **v.**                                      **Case No. 06-CR-221**

**RICKY REID**
        **Defendant.**

## DECISION AND ORDER

Defendant Ricky Reid moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the Sentencing Commission's recent amendment to the crack cocaine guidelines. The government agrees that the Commission has lowered defendant's guideline range and that he is accordingly eligible for a reduction, but asks that I decline to grant one in the exercise of discretion. Under all of the circumstances, I conclude that a reduced sentence would fail to satisfy the purposes of sentencing under 18 U.S.C. § 3553(a) and therefore deny the motion.

## I. BACKGROUND

Defendant pleaded guilty to possessing a firearm as a felon, contrary to 18 U.S.C. § 922(g)(1), and maintaining a drug trafficking place, contrary to 21 U.S.C. § 856(a)(1). I ordered a pre-sentence report ("PSR") and set the case for sentencing on March 21, 2007. On the firearm count, the PSR set defendant's base offense level at 14, U.S.S.G. § 2K2.1(a)(6), then added 4 because he possessed the firearm in connection with another felony offense, i.e. drug trafficking, § 2K2.1(b)(6). On the drug count, the PSR set a base level of 32 based on a drug weight of 50-150 grams of crack cocaine, U.S.S.G. § 2D1.1(c)(4) (2006), then added 2 levels because he possessed a firearm in connection with the offense, § 2D1.1(b)(1). The PSR

grouped the two counts under § 3D1.2(c), then subtracted 3 for acceptance of responsibility, § 3E1.1, producing a final offense level of 31. Coupled with a criminal history category of III, the PSR recommended an imprisonment range of 135-168 months under the advisory sentencing guidelines. I adopted these calculations without objection.

Defendant requested a non-guideline sentence of five years to run concurrent with the state sentence after revocation he was then serving, while the government advocated a sentence within the range running consecutively. Upon consideration of the factors set forth in 18 U.S.C. § 3553(a), I imposed a sentence of 108 months concurrent. In a written sentencing memorandum, I set forth the reasons for the sentence imposed:

> The guidelines called for a term of 135-168 months. The offense level in this case was largely the product of the drug weight, which in turn was elevated because the substance involved was crack cocaine. Defendant asked for a below-guideline sentence based primarily on the guidelines' treatment of 1 gram of crack the same as 100 grams of powder cocaine. See United States v. Smith, 359 F. Supp. 2d 771, 777-82 (E.D. Wis. 2005) (discussing the 100:1 crack/powder disparity). Although the Seventh Circuit has held that district courts cannot create their own alternate ratio, the crack guideline is no more binding than any other after Booker. Further, district courts can consider the Sentencing Commission's criticisms of the 100:1 ratio insofar as they bear upon an individual defendant's case. See United States v. Jointer, 457 F.3d 682, 687-88 (7th Cir. 2006); see also United States v. Pickett, 475 F.3d 1347 (D.C. Cir. 2007); United States v. Gunter, 462 F.3d 237 (3d Cir. 2006).
>
> In the present case, while defendant noted some of the general problems with the ratio, he did not convincingly relate them to his case. To be sure, his range would have been lower had the substance involved been powder cocaine, but that is true in all crack cases. In this case, based on the items found in his house, it appeared that defendant sometimes cooked the crack himself. However, one of the informants stated that defendant's supplier cooked it for defendant at times. Another informant indicated that defendant traveled to Michigan to pick up cocaine. Thus, it was hard to characterize defendant as simply a retail dealer, who under the guidelines faced a much longer term than a wholesale powder distributor.
>
> Defendant noted that the weight estimate in the PSR was based on the assertions of informants, while only trace amounts were found in his house

during the search. However, defendant agreed to the estimate in the PSR. Further, he was dealing out of this house for over a year and, as the government stated, the drug weight in the PSR was likely conservative.

Defendant admitted that he possessed a gun, but claimed that it was not in a place where it was intended to be an offensive weapon. However, the gun was loaded, and its location near the door suggested to me that it was there to, at least, protect defendant's cocaine business. Further, several of the informants stated that defendant carried guns.

In determining whether to impose a sentence consistent with the crack guideline, I may consider whether the general factors motivating the guidelines' more harsh treatment of crack are present in the instant case. I can also consider whether the Commission's criticisms of the guideline are applicable in the present case. One of those criticisms is that the guideline results in much longer sentences for retail crack dealers than the wholesale drug distributors who supply them with the powder cocaine from which their crack is produced. See Pickett, 475 F.3d at 1354. As indicated, I did not see that as being a substantial concern in this case, given the description of defendant's dealing in the PSR and the length of time over which it occurred.

Second, the Commission has noted that § 2D1.1 treats all crack offenders as if they engaged in harmful conduct, while in many cases there is no evidence of such aggravating circumstances. See Pickett, 475 F.3d at 1354. In this case, defendant possessed a firearm to protect his cocaine, and several of the informants noted his propensity to carry firearms. Thus, at least some aggravating factors were present here, although there was no evidence of actual violence or threats, of any specific adverse effects on the neighborhood containing defendant's drug house, or of any specific victims of his conduct. Thus, the offense level slightly overstated the harmfulness of defendant's conduct, but not to the degree he suggested.

Defendant also suggested that his record was limited, but under the circumstances I found it of some concern. As a juvenile, he was adjudicated for the forcible rape of an eleven year old girl. That offense did occur many years ago, when defendant was a child himself, and he expressed remorse for it during his allocution. As an adult, defendant was convicted of felon in possession of a firearm and possession of cocaine, for which he was placed on probation. As noted, just three weeks later he was arrested in this case, squandering the chance he had been given. Thus, while defendant argued that category III overstated the severity of his criminal history, see U.S.S.G. § 4A1.3(b), I did not really agree. It was true that all 5 of defendant's criminal points stemmed from the same case, but the Commission has determined that additional points should be assessed when the defendant commits the instant offense while on supervision. See U.S.S.G. § 4A1.1(d). Under the facts of this case, where

3

defendant returned to crime within weeks of receiving what seemed a pretty lenient sentence in state court, assessing additional points made some sense.

Therefore, given the serious nature of the crime and defendant's record, the five year sentence he recommended was insufficient. However, I did think the guidelines' recommendation a bit greater than necessary. Prior to the revocation sentence he was then serving, defendant had never been to prison before. Thus, I did not believe that a sentence of greater than eleven years was necessary to deter him from future criminality. Consistent with the parsimony provision of § 3553(a), prison sentences should generally be imposed incrementally to achieve a deterrent effect. No doubt, defendant should have taken advantage of the chance he was given when the state court judge placed him on probation, but he did not. Therefore, I had to impose a substantial period of confinement to promote respect for the law and deter him from future violations. However, eleven plus years was greater than necessary to satisfy these purposes. See 18 U.S.C. § 3553(a)(2)(A) & (B).

Further, although the offense was serious, there was no evidence that defendant ever engaged in any actual violence or threats, or made any use of his firearm to further his drug trafficking. Nor was there evidence of specific, harmful effects on the neighborhood or on any specific victims. Thus, the guideline term was slightly greater than necessary to reflect the seriousness of the offense. See 18 U.S.C. § 3553(a)(2)(A).

Finally, there were some positives in defendant's character as reflected in the comments and letters from his mother and cousin. His willingness to care for his mother was a good sign. The support of his family would assist in his re-integration into the community after he completed his sentence and reduce the likelihood of recidivism. See 18 U.S.C. § 3553(a)(2)(C). As noted, defendant was a high school graduate and had compiled some work history. Hopefully, with the vocational training I recommended to the BOP, he will be a productive member of society upon his release.

Under all of the circumstances, I found a sentence of 108 months sufficient but not greater than necessary to satisfy the purposes of sentencing. This sentence varied by only about 2 levels from the guidelines and was based on the particular circumstances discussed above. Therefore, it did not create unwarranted disparity. See 18 U.S.C. § 3553(a)(6).

The guidelines recommended that I run the instant sentence consecutively to defendant's undischarged state sentence after revocation. See U.S.S.G. § 5G1.3 cmt. n.3(C). However, for many of the same reasons stated above, running this sentence consecutively would have resulted in a total term that was greater than necessary. See 18 U.S.C. § 3584(b) (directing the court, in deciding whether to run a sentence concurrently, to consider the § 3553(a) factors).

4

> Further, defendant had, by the time I sentenced him, already served about half of the 18 month state sentence, and the instant sentence was much longer than the balance on the state term. Thus, there was an additional penalty based on the fact that defendant was on supervision when he committed the instant offense. In effect, given the timing, the sentences would be partially concurrent and partially consecutive. Finally, the guidelines already took the state revocation sentence into account in defendant's criminal history in a substantial way – producing 3 points for the case itself and 2 points because he was on supervision when he committed the instant offense – leading to his placement in criminal history category III. To run the instant sentence consecutively on top of that would have placed greater weight on the state case, which did not appear to be aggravated (particularly given the state judge's initial decision to place defendant on probation), than it really could bear. Therefore, I ordered the instant sentence to run concurrently with defendant's state term.

(Sentencing Memorandum [R. 22] at 4-9, footnotes and heading omitted.)

## II.  DISCUSSION

**A.    Section 3582(c)(2) Standard**

Section 3582(c)(2) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The Commission lists those guideline amendments that apply retroactively and upon which a § 3582(c)(2) motion may be based in policy statement 1B1.10(c). See U.S.S.G. § 1B1.10 cmt. n.1(A) ("Eligibility for consideration under 18 U.S.C. 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range.").

Effective November 1, 2007, the Commission reduced offense levels in crack cocaine

5

cases by 2 levels. See United States Sentencing Commission Guidelines Manual, Supplement to Appendix C 226-31 (2007) (Amendment 706). The Commission then made the changes retroactive, effective March 3, 2008, Supplement to the 2007 Guidelines Manual 1-4 (Mar. 3, 2008) (U.S.S.G. § 1B1.10(c)), thus permitting defendants to rely on the amended crack guidelines to seek sentence reductions under 18 U.S.C. § 3582(c)(2).

However, a defendant is not entitled to an automatic discount just because his guideline range has been lowered. See United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998) (holding that "the sentencing court's power to reduce a sentence is discretionary"); United States v. Marshall, 83 F.3d 866, 869 n.3 (7th Cir. 1996) (stating "that a decision whether to reduce a sentence pursuant to a retroactive amendment is discretionary"); U.S.S.G. § 1B1.10 cmt. background (2008) (stating that designation of an amendment for retroactive application "does not entitle a defendant to a reduced term of imprisonment as a matter of right"). Rather, § 3582(c)(2) directs the court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) in order to decide whether to exercise its discretion to lower the sentence and, if so, to what extent. The Commission has provided additional guidance in making this determination:

> (B) Factors for Consideration.--
>
> (i) In General.--Consistent with 18 U.S.C. 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).
>
> (ii) Public Safety Consideration.--The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) Whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).
>
> (iii) Post-Sentencing Conduct.--The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of

6

imprisonment in determining: (I) Whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

U.S.S.G. § 1B1.10 cmt. n.1(B) (2008). The Commission has further indicated that:

If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

U.S.S.G. § 1B1.10(b)(2)(B) (2008).

**B.    Analysis**

Under the amended guidelines, defendant's base offense level under U.S.S.G. § 2D1.1(c) drops from 32 to 30. With the adjustments for firearm possession and acceptance of responsibility, the final, revised offense level is 29 and the revised imprisonment range 108-135 months. Therefore, because the Commission has lowered the range upon which defendant was sentenced, he is eligible for a reduction under § 3582(c)(2). I must consider whether such a reduction is warranted under 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.10(b)(2)(B) & cmt. n.1(B).[1]

As indicated above, at defendant's original sentencing I considered whether the guideline range, which was based largely on the amount of crack cocaine defendant

---

[1] In previous decisions, I adopted a two-step procedure for deciding § 3582(c)(2) motions: first, determine whether the Commission has lowered the defendant's range and made the change retroactive; and, second, if so, consider the factors in 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.10(b) to determine whether to exercise discretion to grant a reduction and the extent of the reduction. United States v. Smith, No. 01-CR-123, 2008 WL 2148075, at *2 n.3 (E.D. Wis. May 21, 2008) (citing United States v. Biami, 548 F. Supp. 2d 661, n.4 (E.D. Wis. 2008)).

7

distributed, produced a sentence that was greater than necessary to satisfy the purposes of sentencing under § 3553(a)(2). Although I rejected defendant's request for a sentence of 60 months, for three reasons I found the range slightly greater than necessary.

First, I noted that § 2D1.1(c) treats all crack offenders as if they had engaged in harmful conduct, while in many cases there are no aggravating circumstances. In the present case, defendant possessed a firearm, an aggravating factor, but there was no evidence that he ever used the gun or otherwise engaged in actual violence or threats, of any specific adverse effects on the neighborhood containing defendant's drug house, or of any specific victims of his conduct. Thus, I found the guideline term slightly greater than necessary to reflect the seriousness of the offense. (R. 22 at 6, 7-8.) Second, I noted that prior to the revocation sentence he was then serving, defendant had never been to prison before. Thus, I did not believe that a sentence of greater than eleven years was necessary to deter him from future criminality. (R. 22 at 7.) Finally, I noted some positives in defendant's character as reflected in the comments and letters from his mother and cousin. The support of his family would assist in his re-integration into the community after he completed his sentence and reduce the likelihood of recidivism. (R. 22 at 8.)

Based on these factors, I found a sentence of 108 months sufficient but not greater than necessary. This sentence varied from the guideline range by 2 levels, a reduction consistent with that afforded by the Commission in the 2007 crack cocaine amendment.

As the government notes, U.S.S.G. § 1B1.10(b)(2)(B) provides that where, as here, the court imposes a non-guideline sentence under § 3553(a) "a further reduction [under § 3582(c)(2)] generally would not be appropriate." This provision does not purport to <u>foreclose</u>

8

a reduction when the original sentence varied from the guidelines.[2]  Indeed, the Commission specifically endorses the possibility of a further reduction when the original sentence represented a guideline departure.  See U.S.S.G. § 1B1.10 cmt. n.3.  In this context, it seems to make little sense to hinge the determination on whether the original sentence represented a "departure" or a "variance."[3]  Rather, the court should focus on the reason(s) why the original sentence fell outside the guidelines.  If the departure or variance failed to account for the crack/powder disparity, a further reduction would, if otherwise consistent with the § 3553(a) and U.S.S.G. § 1B1.10 cmt. n.1(B) factors, more likely be warranted.  However, if at the time of the original sentencing the court accounted for the disparity, a further reduction based on the new crack guidelines may not be warranted.  See United States v. Leroy, No. 03-CR-289, 2008 WL 1780937, at *2  (E.D. Wis. Apr. 15, 2008) (denying § 3582(c)(2) motion where the original sentence accounted for the crack/powder disparity).

Under the circumstances of this case, where I considered the crack/powder disparity in the original sentence and granted a 2 level variance based in part on this factor, I find that a further reduction would not promote respect for the law.[4]  I also conclude, given the

---

[2] I need not in this case decide whether, under Booker and its progeny, a guideline such as § 1B1.10(b)(2)(B) lawfully could bar the court from reducing the sentence in such circumstances.  See generally United States v. Hicks, 472 F.3d 1167, 1173 (9th Cir. 2007) ("[T]o the extent that the policy statements are inconsistent with Booker by requiring that the Guidelines be treated as mandatory, the policy statements must give way.").

[3] To be sure, there is a distinction between the two terms.  See Irizarry v. United States, No. 06-7517, 2008 WL 2369164, at *4 (U.S. June 12, 2008).  However, for the reasons stated in the text, it does not appear to be a distinction of great significance in the § 3582(c)(2) context.

[4] In his reply brief, defendant argues that none of the three grounds for a non-guideline sentence took into account the policy change adopted by the Commission in the 2007 amendments, and that I specifically indicated that the non-guideline sentence was not based

9

seriousness of the offense, that a further reduction would fail to provide just punishment. Given defendant's inability to stay out of trouble, even when afforded a chance on probation, a further reduction would also fail to protect the public and deter defendant from re-offending. Finally, I note that in the original sentence I granted defendant additional consideration by running the prison term concurrently, despite the guidelines' recommendation for consecutive time. This factor, too, counsels against further leniency.[5] In sum, I find under all of the § 3553(a) factors that a further reduction is unwarranted.

### III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion to reduce sentence (R. 44) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 27th day of June, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

on the crack/powder disparity. (Def.'s Reply Br. [R. 48] at 2.)  Although I did note that defendant failed to convincingly relate some of the "general problems" with the crack/powder ratio to his case, that was in the context of rejecting his claim for a five year sentence based on the broad proposition that the range would have been lower had the substance been powder cocaine. (R. 22 at 5.)  I went on to consider the Commission's specific criticisms of the 100:1 ratio, and imposed a non-guideline sentence based in part on the fact that defendant had not engaged in violence and his crime did not produce specific harmful effects. (Id. at 7-8.)  The original sentence did account for the crack/powder disparity, just not to the extent defendant requested.  And, the variance equaled the Commission's 2007 reduction.

[5]The parties present no new evidence addressing public safety considerations or defendant's post-sentencing conduct, so I need not address these factors further.

10