## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  v.                                    **Case No. 06-CR-221**

**RICKY REID**
        **Defendant.**

### ORDER

On June 27, 2008, I denied defendant Ricky Reid's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). United States v. Reid, No. 06-CR-221, 2008 WL 2595189 (E.D. Wis. June 27, 2008). On July 25, 2008, he filed a motion to reconsider that order, presenting evidence of his post-sentencing conduct.[1] I directed the government to respond and permitted defendant to reply. For three reasons, I deny the motion.

First, motions for reconsideration of a final district court order are not specifically authorized by the Federal Rules of Criminal Procedure. Courts have permitted such motions, but only if they are filed within the time allotted for filing a notice of appeal. See, e.g., United States v. Vicaria, 963 F.2d 1412, 1413-14 (11th Cir. 1992); United States v. Kalinowski, 890 F.2d 878, 881 (7th Cir. 1989). Criminal defendants must notice an appeal within ten days after entry of the order being appealed. Fed. R. App. P. 4(b)(1); see also United States v. Correa-Gomez, 328 F.3d 297, 299 (6th Cir. 2003). Defendant's motion, filed nearly a month after entry of the order denying sentence reduction, is untimely.

---

[1] Defendant presented no evidence or argument regarding his post-sentencing conduct in his original motion. Reid, 2008 WL 2595189, at *6 n.5.

Second, defendant presents no good reason why he could not have presented this argument in his original motion. Defendant states that he requested the documents relating to his disciplinary record and programming some time ago, but they only recently became available. However, defendant surely knew he had not been disciplined and had been taking classes when he filed the original motion.[2] Even if documentation was not then available, nothing prevented him from arguing his post-sentencing conduct in the original motion or from requesting more time to obtain substantiation.

Third, nothing in the motion to reconsider persuades me that my denial of the § 3582(c)(2) request was erroneous. As I explained in the original order,

> Under the circumstances of this case, where I considered the crack/powder disparity in the original sentence and granted a 2 level variance based in part on this factor, I find that a further reduction would not promote respect for the law. I also conclude, given the seriousness of the offense, that a further reduction would fail to provide just punishment. Given defendant's inability to stay out of trouble, even when afforded a chance on probation, a further reduction would also fail to protect the public and deter defendant from re-offending. Finally, I note that in the original sentence I granted defendant additional consideration by running the prison term concurrently, despite the guidelines' recommendation for consecutive time. This factor, too, counsels against further leniency. In sum, I find under all of the § 3553(a) factors that a further reduction is unwarranted.

Reid, 2008 WL 2595189, at *6 (footnotes omitted). Post-sentencing conduct is relevant in deciding a § 3582(c)(2) motion, see U.S.S.G. § 1B1.10 cmt. n.1(B)(iii) (2008), but defendant's accomplishments, while laudatory, do not outweigh the considerations discussed above. We expect prisoners to follow the rules, and defendant's clear conduct is based on less than one

---

[2]According to the papers attached to the motion to reconsider, defendant completed a drug program on February 29, 2008, and barbers' training on March 4, 2008, months before he filed his § 3582(c)(2) motion on May 30, 2008. The papers also indicate that he started in English and GED classes in October and November 2007, shortly after his arrival at the institution. (R. 50-2.)

2

year in BOP custody. Nor do his other accomplishments convince me to revise the previous order. See United States v. Leroy, No. 03-CR-289, 2008 WL 1780937, at *2 (E.D. Wis. Apr.15, 2008) (denying § 3582(c)(2) motion, despite positive post-sentencing conduct, where the original sentence accounted for the crack/powder disparity and the defendant had a serious prior record).

**THEREFORE, IT IS ORDERED** that defendant's motion to reconsider (R. 50) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of August, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge